DECISION
James Cavanaugh and a Rule 23 class of Rhode Island citizens (the "plaintiffs") bring this series of motions seeking this Court's reconsideration and reversal of its earlier decisions dismissing the actions against the State of Rhode Island (State) and the Coastal Resources Management Commission (CRMC) and its decision denying plaintiff's motion for summary judgment. Additionally, plaintiffs filed several new motions, including a second motion for summary judgment. As much of the new pleadings are a duplication of prior motions and raise no new issues, the Court directed the Town of Narragansett (Town), the State, and CRMC, not to respond to this series of motions for the sake of judicial economy and to save those parties from incurring additional needless expense.
Facts and Travel
The plaintiffs filed this action in 1991 seeking to prohibit the Town from blocking access to the section of shore below Narragansett Town Beach (the "Beach"). Specifically, plaintiffs argue that Article I § 17 of the Rhode Island Constitution and various other state and federal constitutional and statutory provisions provide the people with the right to "free access" to the shore, and that the Town's beach access fee violates this right. Additionally, plaintiffs claim that the CRMC has a duty to provide free access to the shore where none exists and that its failure to do so at the Beach violated the right of access.
On September 16, 1996, this Court denied plaintiffs' first motion for summary judgment and dismissed the State and CRMC from the action. The case was then set down for a February 4, 1997 control calendar date to set a date certain for trial. Since this control calendar call, plaintiffs have filed a series of motions to reconsider the September 16 decision, along with several new motions, which include a second motion to amend the complaint, and a second motion for summary judgment. It is upon this latest series of motions that decision is rendered without additional oral argument. Due to plaintiffs' numerous motions and requests that are currently pending before this Court, the issues shall be addressed in seriatim.
Plaintiffs' Three Motions for Reconsideration
Plaintiffs ask this Court to reconsider its September 16, 1996 decisions to dismiss the Coastal Resources Management Commission ("CRMC") and the State as defendants from the current matter and to deny plaintiffs' motion for summary judgment. These motions should be denied in the first instance, because there is no provision in the rules for such reconsideration.
Plaintiffs have articulated no new grounds to support the motions which simply seek a second bite at the proverbial apple. Moreover, as previously indicated, none of the motions is well founded.
Plaintiffs first assert that this Court's September 16 dismissal of CRMC was erroneous because, as was previously argued, Article I § 17 requires the State to create free access to the shore. Based on plaintiffs' reading of Rhode Island General Laws § 46-23-1 et. seq., CRMC is the "most likely" vehicle to fulfill this constitutional mandate. The plaintiffs find support for this argument in the language of § 46-23 generally, and more specifically in § 46-23-6(E)(3) which states in part that "the council shall have the power to designate for acquisition and development, and posting, and all other functions of any other department for tidal right-of-way and land for tidal rights of way, parking facilities, and other council related purposes."
As this Court found previously, CRMC does not have the duty, nor the power, to create coastal rights of way. Sartor v. CoastalResources Management, 542 A.2d 1077 (R.I. 1988). While plaintiffs assert that this Court's reliance on Sartor was erroneous, this Court disagrees. Simply because CRMC may have the power to designate land as a pre-existing right of way, or the power to designate land for purchasing, does not mean CRMC must designate such lands or can create State/public interests in private and municipal lands not previously dedicated to the public use. Additionally, even if plaintiffs' belief that CRMC has a duty to create rights of way is correct, the relief plaintiffs seek is still, as was held previously, inappropriate. This Court will not and cannot compel CRMC, by an order of mandamus, to perform specific discretionary and quasi-judicial activities. Id.
Next plaintiffs request this Court reconsider its decision to dismiss the State from this action. This Court cannot agree with plaintiffs' assertion that this Court's denial of the remedy sought against the State was merely an academic issue. Plaintiffs sought to join the State as a party to the instant matter (pursuant to an amended complaint filed four years after they brought suit) so that if a right to access is found to exist, and the Town of Narragansett's beach fee is found to be a violation of that right, and upon such a finding the Town continues to block access, then this Court could, by an order of mandamus, order the State, through the Governor, to order the national guard and state police to the beach to ensure free access. Both the potential injury and remedy claimed are purely speculative at this time and were not properly before the Court in September. Given the speculative nature of this claim, the inappropriateness of the mandamus relief sought, and plaintiffs' failure to allege actions on the part of the State which could be viewed as independent violations of a right to access if one existed, the dismissal of the action against the State was proper.
In addition, plaintiffs request this Court to reconsider its September denial of plaintiffs' first motion for summary judgment. Again plaintiffs assert that their motion should have been granted because, with the abolition of the Beach Commission upon the adoption of the Narragansett Home Rule Charter, no admission fee was maintained, and the Charter did not expressly state that the beach fees would remain in effect. Without such "express" language, plaintiffs assert that the 1966 voters who ratified the Home Charter must have assumed that such beach fees would no longer exist and, therefore, no ratification of the fees existed. Such a finding if made by this Court at this time would be wholly inappropriate. What voters and or the Legislature did or did not think or intend at the time of the ratification of the Charter is a matter of fact to be determined at trial or, if a legal issue, plaintiffs have failed to convince this Court, as a matter of law, that they are entitled to judgment as a matter of law. Furthermore, as this Court stated in September, in light of Article X of the Charter which created the Department of Parks and gave it control of the beaches, and the supercession clause contained in Article XIV § 14-1-4 which continued all laws in effect not contradicted by the charter, ratification of the beach fees may have occurred. Thus, as to those issues, plaintiffs have not carried their burden of establishing that they are entitled to judgment as a matter of law. Issues of material fact exist.
Similarly, plaintiffs' argument that the beach admission fee is a tax that has not been ratified is not an issue appropriate for summary judgment because plaintiffs have not provided this Court with sufficient evidence to support its allegations and entitle them to judgment as a matter of law. Indeed the Town has produced evidence tending to show that any necessary ratification did occur.
Additionally, plaintiffs also argued in September that they were entitled to summary judgment because the beach admission fees violated R.I. Const. Article I § 17. While plaintiffs may be correct in their assertion that Article I § 17 provides them with the right to cross the Beach freely, such a determination is not one that can be made as a matter of law because what rights Article I § 17 provides are determined by what rights the people were "heretofore entitled [to] under the charter and usages of the state." What exactly these usages were is either a genuine issue of material fact, or plaintiffs have failed to proffer facts to establish such historical usages such that they haven't proven their claim as a matter of law.
While plaintiffs request this Court to issue a "fully reasoned and stated determination by the Court as to whether" the right of access exists, this request is denied. Whether or not the right of access to the shore in question exists is something to be proven by plaintiffs at trial. It is not something that this Court will or should hypothesize about in the abstract. This is exactly why summary judgment is not proper on the issue at this time. If summary judgment were proper then such a "reasoned" determination would be made; but in light of plaintiffs' failure to adduce sufficient facts to support their motion, the conflicting evidence of record, and the Article I § 17 usages and conservation requirements, such a determination is not appropriate until the issue has been fully aired at a trial on the merits. Similarly, since this Court has not determined that a "right" to access exists in the current scenario, any decision as to whether the fee is a tax upon the exercise of that right would be premature at this time.
The plaintiffs also assert that this Court in its September decision did not adequately state a response to plaintiffs' claim that the beach access fee violates the state and federal constitutions' due process and equal protection clauses. These arguments again are not sufficient to serve as the basis for the entry of a judgment in plaintiffs' favor at this time as there is no stated federal constitutional right to free access to the shore, and plaintiffs have not yet established that a state right exists. Therefore, claims based on the denial of such rights cannot be finally adjudicated at this time.
Lastly, plaintiffs allege, without cited authority, that this Court in its September decision misread Article I §§ 16 and 17 when it found that a burden to conserve and preserve natural resources might exist under Article I §§ 16 and 17, and that whether or not the Beach fees are allowable as a conservation method is an issue of fact. The plaintiffs then argue that assuming, arguendo, that such a duty to preserve and conserve does exist, the fee is not the most reasonable means and therefore plaintiffs are entitled to summary judgment. This Court's September decision did not establish that the fee was a proper conservation method, it merely pointed out that if a right to access exists, the issue of whether or not the fee could be justified as a proper conservation step was an issue of fact that could not and would not be established at the summary judgment stage of the proceedings. The plaintiffs would have this Court take their word that the right to free access exists, and then go one step further and assume that either unrestrained access across the Beach would not harm the Beach, or alternatively, that better alternative restrictions exist, and that as a result of these assumptions, summary judgment should be entered for plaintiffs. Such a judgment based on assumptions is not judicially proper in light of the conflicting evidence presented as to whether any right of access exists and the evidence that the fees are used to help support beach operations and preserve the area.
This Court is still satisfied that plaintiffs have failed to prove their claims as a matter of law so as to prevent the entry of judgment in their favor at this time.
Plaintiffs' New Motions
The plaintiffs' first new motion, requesting leave to file a second amended complaint, alleging that the State owns the sea wall which in part serves to block access to the shore next to and below the Beach in violation of Article I § 17, is hereby granted. This Court will not, however, enter an order that the State build an access way through the wall at this time, as ownership of the wall has not been proven, nor has the right to such an access way been established. For these same reasons, the State will not be ordered to allow plaintiffs to construct an access way.
The plaintiffs' second new motion is a request that this Court issue a precise statement of what plaintiffs must prove to establish "usages of the state" under Article I § 17. This request is denied. This Court will not develop and argue plaintiffs' legal case for them. They bear the burden of defining "usages of the state" and proving, under such definition, that they have a right to access the shore below the Beach. This Court will not issue hypothetical, theoretical advisory statements about what the law is and what it requires in the absence of a clearly defined and limited factual scenario. Such a statement would amount to an advisory opinion, which this Court lacks jurisdiction to issue.
Additionally, this Court does not agree with plaintiffs' assertion that the Rhode Island Supreme Court, by recognizing Angell's Treatise in prior case law, intended to bind courts of the future to all the book's pronouncements. If valid, this argument would mean that almost every respectable treatise in print and all their contradictions would be binding on this Court. Such a scenario is untenable and absurd.
Plaintiffs' Second Motion for Summary Judgment
The plaintiffs' last motion is a second motion for summary judgment. In this motion plaintiffs rely on three new main arguments to support their assertion that they are entitled to judgment as a matter of law. The first basis is that the Town's beach fee violates the federal prohibition against states charging tolls to navigable waters. The authority that plaintiffs cite as forming the basis for this argument, however, does not refer to beach fees, land use or land access points. Rather, they refer to the actual tolling of the "navigable waters." In the instant matter there is no evidence that people, in order to pass along the water in front of the Town beach, need to pay the beach fee. Plaintiffs' own evidence illustrates that passage and access by sea is not financially restricted. Since the prohibition does not expressly apply to the current scenario and the question of whether passage along the waterways has been tolled are very much still at issue, this matter cannot be decided as a matter of law at this time.
The second new basis for plaintiffs' motion for summary judgment is that the Town's beach fee violates § 10 of the Rivers and Harbors Act. Again, however, the Rivers and Harbors Act does not clearly and expressly apply. The provision cited by plaintiffs discusses the types of obstructions prohibited and all of the statutory examples are blockages of the actual waterways, not blockages of a single shore access point. Thus the prohibition of such an obstruction, if the beach fee is one, must be implied by determining the Legislature's intent. Since no evidence of such an intent is before the Court presently, plaintiffs are not entitled to judgment as a matter of law at this time.
The last new basis for plaintiffs' second motion for summary judgment is that the differential fees charged by the Town for residents and nonresidents violates the dormant Commerce Clause. Such a finding, however, must be based on a balancing of the legitimate goals and methods used by the State and the harmful effect on commerce. The record does not establish, as a matter of law, that the State is merely protecting local economic interests and, therefore, this issue cannot be determined at the summary judgment phase because there are insufficient facts before the Court.
Counsel shall prepare the appropriate orders.